IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Power Distribution, Inc.,

Plaintiff,

v.

Danaher Corporation,

Defendant

Case No.    1:07CV00351 (ESH)

## OPPOSITION TO MOTION TO DISMISS,
## OR IN THE ALTERNATIVE, TRANSFER,
## BY PLAINTIFF, POWER DISTRIBUTION, INC.

Plaintiff, Power Distribution, Inc. (referred to below as "PDI"), hereby opposes the

"DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER CASE

TO THE EASTERN DISTRICT OF VIRGINIA" (Docket No. 3) filed on March 29, 2007 (referred

to below as the "Motion"), by Defendant, Danaher Corporation (referred to below as "Danaher").

This submission is in compliance with Federal Rules of Civil Procedure and this Court's Local Rules

(referred collectively to below as the "Court Rules").

This page is followed by a Table of Contents, a Table of Authority, a Statement of Facts, and

an Argument.

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

Table of Contents

<u>Item</u>                                                                                    <u>Page</u>

Table of Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

I.      THE PRESENT MOTION IS GOVERNED BY THE COURT RULES. . . . . . . . . . . . .  2

II.     THERE IS NO DISPUTE ABOUT PERSONAL JURISDICTION. . . . . . . . . . . . . . . . .  2

III.    THE RELEVANT OFFER TO SELL IS NOT DENIED BY DEFENDANT, DANAHER,
        BUT ONLY BY AN OFFICER OF A THIRD LEVEL SUBSIDIARY OF DANAHER.
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

IV.     DANAHER'S WEB SITE OFFERS TO SELL THE ACCUSED PRODUCT. . . . . . . . .  4

V.      AN OFFER TO SELL AN INFRINGING PRODUCT AT A WEB SITE IS AN ACT OF
        PATENT INFRINGEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

VI.     PDI HAS SET FORTH A PRIMA FACIE CASE, AS REQUIRED. . . . . . . . . . . . . . . .  9

VII.    THE QUESTION WHETHER TO PIERCE THE CORPORATE VEIL, REQUIRES A
        REVIEW OF THE RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

<u>Table of Authority</u>

<u>Case</u>                                                                                   <u>Page(s)</u>

*Biometics, LLC v. New Womyn, Inc.*,
      112 F.Supp.2d 869 (E.D. Mo. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Gammino v. SBC Communications, Inc.*,
      2005 WL 724130  (E.D. Pa. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*,
      395. F.3d 1275 (Fed. Cir. 2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Vuitch v. Furr*,
      482 A.2d 811 (D.C. Ct. App. 1984).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
      952 F.Supp. 1119 (W.D. Pa. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7


<u>Statute</u>                                                                               <u>Page(s)</u>

35 U.S.C. §271(a) (2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Rule of Civil Procedure  7(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Rule of Evidence 201 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


<u>Other</u>                                                                                  <u>Page(s)</u>

Local Rule 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

## STATEMENT OF FACTS

1.      On December 11, 2001, the U.S. Patent and Trademark Office issued Patent No. 6,330,516,

   (referred to below as the "patent") to the inventor, John B. Kammeter, and assigned to PDI.

   A copy of the patent is Exhibit A to the Complaint.


2.      On February 16, 2007, the present Civil Action was filed against Danaher.  The Complaint

   was subsequently served.


3.      On March 29, 2006, counsel for Defendant, Danaher, filed the motion at issue.

1

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

## ARGUMENT

I.     THE PRESENT MOTION IS GOVERNED BY THE COURT RULES.

The Court Rules provide for motions.  Federal Rule of Civil Procedure 7(b)  provides for motions.  Fed. R. Civ. P. 7(b).  Local Rule 7 provides for a motion, an opposition, and a reply. LCvR 7.

II.     THERE IS NO DISPUTE ABOUT PERSONAL JURISDICTION.

Defendant, Danaher, is a corporation organized and existing under the laws of the District of Columbia.  Danaher has their corporate headquarters within the District of Columbia.  There is no need to resort to the long-arm statute.

III.     THE RELEVANT OFFER TO SELL IS NOT DENIED BY DEFENDANT, DANAHER, BUT ONLY BY AN OFFICER OF A THIRD LEVEL SUBSIDIARY OF DANAHER.

PDI asserts in paragraph 11 of the Complaint, that there are "product brochures and specifications" of Danaher offering for sale a "branch circuit monitor."  The claims of the patent are directed to a branch circuit  monitor (for example, claim 1 recites a "branch circuit monitor", at column 4, line 52 of the patent).

2

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

The Motion is supported by the DECLARATION OF CHRIS TECCA (referred to below as the "Tecca Declaration"), which is Exhibit A to the Motion.  Mr. Tecca is President of Danaher Power Solutions, L.L.C. (referred to below as "DPS"), as stated in paragraph 2 of the Tecca Declaration.

Mr. Tecca is not an officer or manager of Danaher, as far as the record discloses.  Mr. Tecca has never been an officer or manager of Danaher, as far as the record discloses.  Mr. Tecca has never visited the main office of Danaher in the District of Columbia, as far as the record discloses.  Mr. Tecca has never attended a shareholders meeting of Danaher, as far as the record discloses.

Mr. Tecca has never attended a shareholders meeting of Joslyn Holding Company (which is mentioned in paragraph 2 of the Tecca Declaration), as far as the record discloses.  Mr. Tecca has never attended a shareholders meeting of DH Holdings Corp. (which is mentioned in paragraph 2 of the Tecca Declaration), as far as the record discloses.  Mr. Tecca has never attended a shareholders meeting of Hennessy Canada, L.L.C. (which is mentioned in paragraph 2 of the Tecca Declaration), as far as the record discloses.  Mr. Tecca has never attended a shareholders meeting of Hennessy Industries Canada (which is mentioned in paragraph 2 of the Tecca Declaration), as far as the record discloses.  Mr. Tecca has never been an officer or manager of Joslyn Holding Company, or DH Holdings Corp., or Hennessy Canada, L.L.C.  or Hennessy Industries Canada, as far as the record discloses.

3

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

Mr. Tecca concludes his declaration with the statement that Danaher "to my knowledge, [has] complied with all required corporate formalities." The limitation of "to my knowledge" is quite significant, because the Tecca Declaration provides no basis to conclude that Mr. Tecca would have reason to have any knowledge of how Danaher (as distinguished from DPS) complies with any corporate formalities.

Without stating a basis, Mr. Tecca states that "Danaher does not make, use, sell, advertise, market or license" the Cyberex branch circuit monitor system, which is accused of infringement. This statement is erroneous at least in using the terms "advertise" and "market."

(In the second paragraph of the Motion, Danaher's counsel describes Danaher as a "third-tier" parent of DPS; presumable, this makes DPS a third tier subsidiary of Danaher.)

IV.    DANAHER'S WEB SITE OFFERS TO SELL THE ACCUSED PRODUCT.

The Danaher web site advertises the Cyberex branch circuit monitor system which is accused of infringement. The home page of the Danaher web site is at www.danaher.com, which is shown by the attached Exhibit 1. A click on the "BUSINESSES" link takes you to the Danaher businesses web page, which is shown by the attached Exhibit 2. A click on the "GO" button to the right of "United Power" brings you to the Danaher United Power web page, which is shown by the attached

4

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

Exhibit 3.  A click on the "Power Quality" button in the far left column brings you to the web page of Danaher DPA, as shown by the attached Exhibit 4.  A click on "Cyberex" in the far right column brings you to the Danaher Cyberex web page, as shown by the attached Exhibit 5.  A click on "http://www.cyberex.com/" takes you to the CYBEREX United Power web page, which is shown by the attached Exhibit 6.  In the far right column, under the heading "Announcing the New Cyberex RPP," there is a link "Click here for more," and a click brings you to the web page "Announcing the New Cyberex RPP - Posted 12/15/06" with the final sentence "Place your orders now!" as shown in the attached Exhibit 7.  Judicial notice of these web pages is appropriate.  Federal Rule of Evidence 201 (1975).  Danaher clearly offers the accused product for sale.

"Through the Danaher Power Solutions business, *Danaher provides products* including static transfer switches, power distribution units, and transient voltage surge suppressors."  See the attached Exhibit 4, second paragraph (emphasis added).

Effective January 1, 1996, the federal patent law provides that an offer to sell an infringing product is an infringement.  35 U.S.C. §271(a) (2003) ("Except as otherwise provided in this title, whoever without authority makes, uses, *offers to sell,* or sells any patented invention... infringes the patent.") (emphasis added).

5

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

V.    AN OFFER TO SELL AN INFRINGING PRODUCT AT A WEB SITE IS AN ACT OF
      PATENT INFRINGEMENT.

        The courts have concluded that an offer to sell an infringing product at an interactive web site,

is an act of infringement of the patent.

        In *Biometics, LLC v. New Womyn, Inc*., 112 F.Supp.2d 869 (E.D. Mo. 2000), the court held

"that defendants' Internet web site constitutes an offer to sell the accused product in Missouri."   The

court applied a test that required a review of the level of interactivity:

        Although defendants describe their web site as passive because visitors to the site cannot

        order the accused product online, the Court finds the web site is moderately interactive.   See

        *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa.1997) (addressing

        personal jurisdiction claim based upon Internet activity;  grouping web sites into three general

        categories for jurisdictional analysis:   (1) those which are passive and merely make

        information accessible to users, (2) those by which the owner clearly does business and enters

        into contracts over the Internet, and (3) a middle ground of interactive web sites where a user

        can exchange information with the host computer.)   In the third category of interactive web

        sites, "the exercise of jurisdiction is determined by examining the level of interactivity and

6

OPPOSITION TO MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TRANSFER,
BY PLAINTIFF, POWER DISTRIBUTION, INC.
Case No. 1:07CV00351 (ESH)

commercial nature of the exchange of information that occurs on the Web site." *Zippo*, 952

F.Supp. at 1124.

*Biometics*, 112 F.Supp.2d at 873. The court's basis for finding the web site moderately interactive

included the following:

> In this case, the defendants' web site contains extensive product information and
> permits visitors to fill out and submit a detailed, multi-page "Request Form" to obtain
> additional information on how to order the product.

*Id*. This holding took into account the purpose of the statutory amendment to add an offer to sell (as

distinguished from the prior law requiring a sale) as an act of infringement:

> One of the purposes of adding offer to sell to § 271(a) was to prevent ... generating
> interest in a potential infringing product to the commercial detriment of the rightful patentee.
> [Citation omitted.]

*Id*. Danaher's web site is clearly intended to generate an interest in the accused product, and interacts

with customers and potential customers by an email link. See the attached Exhibit 5.

7

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

Moreover, there is precedent for holding a parent company subject to a court's jurisdiction, where the parent is responsible for a web site which advertises products that are never sold by the parent, but only sold by one of the parent's numerous subsidiaries:

Assuming arguendo that the aforementioned is true SBC nevertheless advertises and promotes products and services-albeit on behalf of its subsidiaries-directly and specifically targeted to Pennsylvania residents. Pennsylvania residents can enter the SBC website seeking residential and business telecommunication products and services. SBC, acting in essence, as a solicitor and agent for its subsidiaries, then describes the services an SBC subsidiary can provide to a Pennsylvania resident and subsequently directs and links said residents to the appropriate subsidiary's website and/or provides other contact information. This is done every time a Pennsylvania resident enters the requested information onto SBC's home page. Clearly, *the website is not merely a passive site but solicits internet contacts for the benefit of SBC subsidiaries not parties to this action*, for example Cingular Wireless. See www.sbc.com. The court concludes that this evidences that SBC's internet contacts are for the purposeful availment of conducting business with Pennsylvania residents. Such purposeful availment consequently subjects SBC to the general personal jurisdiction of this court.

8

OPPOSITION TO MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TRANSFER,
BY PLAINTIFF, POWER DISTRIBUTION, INC.
Case No. 1:07CV00351 (ESH)

*Gammino v. SBC Communications, Inc.*, 2005 WL 724130 (E.D. Pa. 2005) (emphasis added). In the case at bar, Danaher's web site is not a passive site, but solicits internet contacts for all of Danaher's subsidiaries, including DPS which manufactures the accused product.


VI.    PDI HAS SET FORTH A PRIMA FACIE CASE, AS REQUIRED.


PDI has made the required prima facie showing of jurisdiction, sufficient to defeat the Motion to Dismiss. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395. F.3d 1275 (Fed. Cir. 2005) ("Because there has not been discovery on the jurisdictional issue, Trintec [the patentee] is required only to make a prima facie showing of jurisdiction to defeat the motion to dismiss." 395 F.3d at 1282).


However, if this Court concludes that the existing record is insufficient to support jurisdiction, then this Court should allow jurisdictional discovery. This was the basis for the Federal Circuit reversing this Court in *Trintec*. "If the district court concludes that the existing record is insufficient to support personal jurisdiction, Trintec [the patentee] is entitled to jurisdictional discovery." *Id.* at 1283.

VII.    THE QUESTION WHETHER TO PIERCE THE CORPORATE VEIL, REQUIRES A REVIEW OF THE RELEVANT FACTS.


In the alternative, if this court concludes that PDI has not made a prima facie case that Danaher has offered the accused product for sale, then PDI submits the question of whether to pierce corporate veil requires jurisdictional discovery.


The District of Columbia Court of Appeals has addressed the question of whether to pierce corporate veil in a number of cases, and determining the answer involves a review of the facts relative to unity of ownership and interest, and use of the controlled subsidiary to perpetrate a wrong:


Accordingly, on review of the denial of a directed verdict we hold that there was sufficient evidence of: (1) *unity of ownership and interest* between the Vuitchs and the Clinic and the Hospital, and (2) use of the corporate form, through operation of the Clinic, to *perpetrate a wrong*, for the trial court to submit the issue of piercing the corporate veils of Laurel Clinic and Laurel Hospital to the jury, and for the jury's decision to pierce the veils of both corporations.


*Vuitch v. Furr*, 482 A.2d 811, 820 (D.C. Ct. App. 1984).

10

OPPOSITION TO MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TRANSFER,
BY PLAINTIFF, POWER DISTRIBUTION, INC.
Case No. 1:07CV00351 (ESH)

A review of all the relevant facts is required.  "There is no precise formula by which to predict when courts will pierce the corporate veil since each case is sui generis."  *Id*. at 816.  For example, Mr. Tecca is the President DPS, but the Tecca Declaration makes no mention of whether DPS is adequately capitalized.  Undercapitalization  may be a relevant factor.  *Vuitch* 482 A.2d at 819 ("While we agree that insolvency or undercapitalization is often an important factor evidencing injustice, [citation omitted], it is by no means the only method by which appellee can demonstrate use of the corporate form to promote injustice or wrong.").


The corporate ownership structure of Danaher's subsidiaries is reportedly complex.  See the Tecca Declaration at paragraph 2.  Testimony from an officer of Danaher, not DPS, should be required.

**OPPOSITION TO MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, TRANSFER,**
**BY PLAINTIFF, POWER DISTRIBUTION, INC.**
**Case No. 1:07CV00351 (ESH)**

CONCLUSION


The Motion should be denied, and Defendant, Danaher, should be ordered to file an Answer.



BACON & THOMAS, PLLC                    Respectfully submitted,
625 Slaters Lane, Fourth Floor
Alexandria, Virginia 22314-1176
Phone: 703-683-0500
Fax:  703-683-1080
E-mail:  mail@baconthomas.com          /s/
                                       _____

Date:  April 12, 2007                  Thomas J. Moore, D.C. Bar No.  294512
                                       Attorney for Plaintiff


                                       /s/
                                       _____

                                       Felix J. D'Ambrosio, D.C. Bar No.  131243
                                       Attorney for Plaintiff

2007.04.12.Opposition to Dismiss-Transfer.wpd













